UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| SCOTT A. SOMMERS <br> aka SCOTT A. WOLFE <br>    *Plaintiff pro se*, <br><br> v. <br><br> VILLAGE OF BARNESVILLE COUNCIL, <br> BARNESVILLE, OHIO <br>    *Defendant*. | Case No. 2:24-CV-2119 <br><br> Judge Sarah D. Morrison <br><br> Magistrate Judge Kimberly A. Jolson |

## DEFENDANT VILLAGE OF BARNESVILLE'S MOTION TO DISMISS PLAINTIFF'S PETITION FOR WRIT OF MANDAMUS

Defendant Village of Barnesville, Ohio, Village Council ("Barnesville") respectfully moves to dismiss the Petition for Writ of Mandamus filed by Plaintiff Scott A. Sommers, A.K.A. Scott A Wolfe ("Plaintiff").

The Court should dismiss Plaintiff's petition under Rule 12(b)(1) of the Federal Rules of Civil Procedure because it lacks subject matter jurisdiction to consider or issue the writ. Additionally, if the Court construes Plaintiff's petition liberally (because he is proceeding *pro se*), the Court again lacks subject matter jurisdiction because Plaintiff lacks standing to pursue a claim under Title II of the Americans with Disabilities Act ("ADA") for improper sidewalks and curb cuts. And even if those jurisdictional issues did not exist, the Court should dismiss Plaintiff's petition under Rule 12(b)(6) of the Federal Rules of Civil Procedure because he fails to state any claim upon which relief can be granted.

The grounds for this Motion are more fully set forth in the attached Memorandum in Support.

1

Respectfully submitted,


*/s/ Yazan S. Ashrawi*
Yazan S. Ashrawi (0089565), *Trial Attorney*
Catherine F. Burgett (0082700)
FROST BROWN TODD LLP
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211
(614) 464-1737 (fax)
yashrawi@fbtlaw.com
cburgett@fbtlaw.com

*Attorneys for Defendant, Village of Barnesville Village Counsel*

2

**MEMORANDUM IN SUPPORT**

**I.     INTRODUCTION**

Plaintiff, who is proceeding *pro se*, has asked this Court to issue a writ of mandamus against the Barnesville, Ohio Village Council ("Barnesville") for alleged violations of Title II of the ADA. Whether the Court addresses this petition on its face or liberally construes it as a complaint under Rule 8(a) of the Federal Rules of Civil Procedure, Plaintiff cannot maintain this action for two reasons.

First, the Court lacks subject matter jurisdiction over this matter. Under 28 U.S.C.A. § 1361 and foundational federalism principles, the Court lacks subject matter jurisdiction to issue writs of mandamus against non-federal officials. Similarly, if the Court were to liberally construe Plaintiff's mandamus petition as a Title II ADA disability discrimination complaint, Plaintiff does not have Article III standing to bring such an action because he has pleaded no actual or threatened injury.

Second, Plaintiff has stated no claim upon which relief can be granted—even if the petition is construed liberally as a complaint under Rule 8(a). If the Court construes it as a request for injunctive relief under Rule 65(a) of the Federal Rules of Civil Procedure, then the Court should conclude that Plaintiff cannot show an irreparable injury, which is needed to grant an injunction. Similarly, if the Court construes it as a Title II ADA complaint—either for disability discrimination or retaliation—then the Court should conclude that either action is barred by the applicable statute of limitations and not entitled to equitable tolling. Finally, even if the Court considers the merits of the potential ADA claims—which the Court need not do—the Court should conclude that Plaintiff has failed to state a *prima facie* case under either theory.

For these reasons, the Court should dismiss this action with prejudice under either Rule 12(b)(1) or (12)(b)(6) of the Federal Rules of Civil Procedure.

**II.     BACKGROUND**

Plaintiff's petition mainly alleges that Barnesville has violated Title II of the ADA regarding local sidewalks. Plaintiff alleges that Barnesville "has denied every effort by the plaintiff for over 10 years to get the village in compliance with the AMERICANS WITH DISABILITY ACT (*sic*)." (Comp., ¶ 2). Plaintiff alleges that "the village of Barnesville Ohio is in direct violation of the Americans with Disability Act with the width of the sidewalks. Making it impossible for the public to pass each other or at the least take a wheelchair or stroller down sidewalks (*sic*)." (*Id.* at ¶ 6). Plaintiff alleges that "many of the sidewalks in the Village are deteriorated or simply missing 50 to 100 ft at a time causing all wheelchairs or strollers to get stuck in mud (*sic*)." (*Id.* at ¶ 8). Plaintiff alleges that poorly maintained sidewalks "prevent many citizens from using sidewalks without injury or stoppage forcing them to the street (*sic*)." (*Id.* at ¶ 9). Plaintiff alleges that obstructed sidewalks are "Forcing Public to walk on street (*sic*)." (*Id.* ¶ 15). And in the Conclusion paragraph, Plaintiff states:

> The sidewalk conditions In Barnesville Ohio, are inexcusable, and unconscionable. Plaintiff believes the people in power have To its citizens when holding official positions especially when the interest of the public should be priority no matter the issue. It is inconceivable for the plaintiff to believe that any Court looking at this petition for Writ of Mandamus that the Court would not intervene or see the need to intervene (*sic.*).

(*Id.*, at Conclusion).

Separately, Plaintiff briefly notes that "a pattern of intentional conduct with Civil Rights violations has occurred out of the defendants and local law enforcement" and that the "local police have been used as (HENCHMAN) in retaliation (*sic*.)." (*Id.* at ¶ 5). Similarly, he states that "the police department, mayors' office and council refuse to enforce law On citizens due to a bias (*sic.*). A vendetta for trying to get sidewalks in compliance with Law and concern about local votes (*sic.*)." (*Id.* at ¶ 12).

4

Plaintiff asks that this Court to "Order the defendants to Enforce all local, state and federal laws on the entire Village in regard to sidewalks (*sic.*). (*Id.* at Relief & Prayer, ¶ 1). He also asks the Court to order Barnesville to "repair, fix, and replace all sidewalks in violation of the Law (*sic.*)," "put in place all missing sidewalks complete to corner of streets (*sic.*)," "remove all obstructions on the sidewalks, cars, poles, and dumpsters (*sic.*)," and "put in place a maintenance program to maintain the sidewalks." (*Id.* at Relief & Prayer, ¶¶ 2-5).

**III. ANALYSIS**

    **A. The Court Lacks Subject Matter Jurisdiction Over This Action.**

        1. <u>Standard of Review Under Rule 12(b)(1).</u>

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack under Rule 12(b)(1) "questions merely the sufficiency of the pleading[,]" and the trial court therefore takes the allegations of the complaint as true. *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (internal quotation marks omitted). To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016).

When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

5

  2.  <u>Federal Courts Lack Authority to Direct State Actors in the Performance of Their Duties.</u>

Plaintiff styled this action as a writ of mandamus and asked the Court to order Barnesville to take official actions that it has allegedly failed or refused to take. (*See* Comp.). Thus, the Court can readily determine the nature of the claim he pleads and the relief he seeks. The Court does not need to actively interpret his petition to discover its basis and factual support. *C.f. Pillow v. Countrywide Home Loans, Inc.*, 839 F. Supp.2d 938, 939 (S.D. Ohio 2011) (noting that courts should liberally construe a *pro se* plaintiff's filing).

Even though Rule 81(b) of the Federal Rules of Civil Procedure "abolished" the writ of mandamus, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." U.S.C. § 1361. But the plain language of U.S.C. § 1361 applies only to officers or employees of the United States—not to state or local officials or employees, like the Village Council of Barnesville, Ohio. *See id.* Thus, the Court lacks subject matter jurisdiction over Plaintiff's mandamus action. *Stone v. Ohio*, No. 2:18-cv-1408, 2018 WL 6984454, *2 (S.D. Ohio Dec. 21, 2018) (report and recommendation adopted and affirmed by *Stone v. Ohio*, No. 2:18-cv-1408, 2019 WL 144385 (S.D. Ohio Jan. 9, 2019)); *see also Disability Rights New York v. City of New York et al.*, No. 22-cv-04493, 2023 WL 6308574, *6 (S.D. N.Y. Sept. 28, 2023) (stating in a Title II ADA action against a municipality and municipal officials, "federal courts may not issue writs of mandamus against state officials"); *Back v. Texas Department of Criminal Justice*, No. W–14–CA–301, 2014 WL 12695292, * (W.D. Tex. Aug. 29, 2014) (stating in a claim with ADA implications, "The federal district courts do not have jurisdiction to issue writs of mandamus against a state actor or agency"); *Amisub (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 790 (10th Cir. 1989) ("No relief against state officials or state agencies is afforded by § 1361.");

*Williams v. Va. Supreme Court*, 457 Fed. Appx. 228, 229 (4th Cir. 2011) ("[F]ederal courts do not have jurisdiction to grant mandamus relief against state officials.").

Even though Plaintiff is proceeding *pro se*, the Court should treat Plaintiff's petition exactly as Plaintiff intended it to be treated. Because the Court lacks subject matter jurisdiction over Plaintiff's mandamus action, it should be dismissed. *See Thornton*, 895 F.2d 1131, 1133 (6th Cir. 1990).

        3.        <u>Plaintiff Lacks Standing to Bring a Title II ADA Disability Discrimination Action Because He Has Not Experienced an Injury in Fact.</u>

If the Court does liberally interpret Plaintiff's mandamus petition, then it should conclude that Plaintiff lacks Article III standing to bring a challenge under Title II of the ADA. And because "[s]tanding is a jurisdictional requirement … then the court lacks subject-matter jurisdiction." *State by & through Tennessee Gen. Assembly v. United States Dept. of State*, 931 F.3d 499, 507 (6th Cir. 2019).

Article III, Section 2 of the United States Constitution confines the jurisdiction of federal courts to the resolution of actual "cases" and "controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Under this limitation, a party invoking federal jurisdiction must have a personal stake in the outcome of the case and controversy before the court. *Vermont Agency of Natural Resources v. United States ex rel. Stevens*, 529 U.S. 765, 771 (2000). Standing is the threshold question in every case in federal court. *Grendell v. Ohio Supreme Court*, 252 F.3d 828, 832 (6th Cir.2001). Plaintiffs have the burden of showing that they have Article III standing at the time the suit was filed. *Raines*, 521 U.S. at 818–19.

To establish standing, a plaintiff must show that: (1) he or she has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it

is likely, rather than merely speculative, that the injury will be redressed by a favorable decision. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000). Plaintiff bears the burden of alleging facts that demonstrate standing "in the same way as any other matter on which the plaintiff bears the burden of proof[.]" *Ass'n of Am. Physicians & Surgeons v. United States Food and Drug Admin.*, 13 F.4th 531, 543 (6th Cir. 2021).

None of Plaintiff's disability discrimination allegations shows that he has suffered an injury in fact. "To make out a prima facie case under Title II of the ADA, a plaintiff must establish that (1) she has a disability; (2) she is otherwise qualified; and (3) she is being excluded from participation in, being denied the benefits of, or being subjected to discrimination under the [service,] program[, or activity of a public entity] … because of her disability." *Dillery v. City of Sandusky*, 398 F.3d 562, 567–68 (6th Cir. 2005) (applying this *prima facie* language in a case on the inaccessibility of sidewalks and curb cuts) (quotation marks omitted).

Plaintiff never claims to have a qualifying disability. Nor does he claim that, despite his disability, he is otherwise qualified. Finally, he never claims that he was excluded from participation in, denied the benefits of any service or was subject to discrimination because of a disability. Plaintiff simply has not pleaded an injury in fact under Title II of the ADA, and thus lacks standing to bring this action.[1] *See generally Baaske v. City of Rolling Meadows*, 191 F. Supp.2d 1009, 1014 (N.D. Ill. 2002) (holding that a plaintiff who did not allege any personal injury under Title II of the ADA lacked standing to sue on others' behalf).

Because Plaintiff has not suffered an injury in fact, he cannot establish Article III standing to bring an ADA Title II disability discrimination claim. Thus, the Court lacks subject matter

---

[1] Nor does Plaintiff allege any facts that could support a finding of "associational standing," *i.e.*, the right of an entity to sue over injuries suffered by its members even if the entity itself does not allege a personal injury. *See, e.g.*, *Summers v. Earth Island Inst.*, 555 U.S. 488, 494 (2009).

jurisdiction over such a claim.

    **B.**  **Plaintiff Otherwise Fails to State a Claim Upon Which Relief Can Be Granted.**

  Separately, to the extent that the Court liberally construes Plaintiff's mandamus petition as either a request for injunctive relief or a substantive complaint under the ADA, the Court should dismiss the claim because Plaintiff has failed to state a claim upon which relief can be granted under each of these theories. As to injunctive relief, Plaintiff has an adequate avenue for pursuing an injunction claim in state court and so will not suffer immediate and irreparable injury, loss, or damage. As for the ADA, Plaintiff admits that any claim that he might have under that law started accruing eleven years ago, but the statute of limitations is only two years. But even if this action were not nine years late, Plaintiff did not state a claim for either disability discrimination (because he has pleaded no facts that indicate he is disabled) or disability retaliation (because he has not suffered any materially adverse action solely because of any protected activity).

    1.  <u>Standard of Review.</u>

  Rule 8(a) of the Federal Rule of Civil Procedure requires a plaintiff to plead each claim with sufficient specificity to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal alteration and quotations omitted). A complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* "Threadbare recitals of the

9

elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In reviewing a motion to dismiss, the Court "construe[s] the complaint in the light most favorable to the plaintiff[.]" *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). These standards apply equally when the plaintiff is pro se. Although a *pro se* litigant is entitled to a liberal construction of their pleadings and filings, the "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

> 2. Plaintiff Is Not Entitled to any Injunctive Relief Because He Can Pursue These Claims in State Court.

In some cases, courts have construed procedurally improper mandamus petitions as requests for injunctive relief under Rule 65(a) of the Federal Rules of Civil Procedure. *See, e.g*, *Stone*, 2018 WL 6984454 at *3; *see also Disability Rights New York*, 2023 WL 6308574 at *6–7 (determining that a complaint for relief under Title II of the ADA in which plaintiffs demanded that the defendants "immediately and routinely issue summonses and tow vehicles [that were] illegally parked" was a request for injunctive relief rather than a writ of mandamus). Even if the Court were to construe Plaintiff's mandamus petition as a request for injunctive relief under Rule 65(a), Plaintiff is not entitled to that relief.

Rule 65(a) allows a party to seek injunctive relief when the party believes it will suffer immediate and irreparable injury, loss, or damage. "A preliminary injunction is an extraordinary remedy [that] should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). A district court considering the extraordinary remedy of a preliminary injunction must consider and balance the following four factors:

> (1) whether the movant has shown a strong likelihood of success on

10

>the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Id.*

While the factors are to be balanced against each other, the demonstration of "some irreparable injury is a *sine qua non* for issuance of an injunction." *Patio Enclosures, Inc. v. Herbst*, 39 F. App'x 964, 967 (6th Cir. 2002). Thus, the petitioner must always show an irreparable injury. *Stone*, 2018 WL 6984454 at *3. Irreparable harm is an injury for which "there is no adequate remedy at law, and for which damages would be impossible, difficult, or incomplete." *Premier Dealer Service, Inc. v. Allegiance Administrators, LLC*, No. 2:18-cv-735, 2018 WL 5801283, at *5 (S.D. Ohio Nov. 6, 2018). The Sixth Circuit has long held that a petitioner cannot show irreparable harm if they have an adequate state court remedy. *Patio Enclosures, Inc.*, 39 F. App'x at 967; *see also Stone*, 2018 WL 6984454 at *3.

Plaintiff has an adequate remedy at law: a state court action.[2] For this reason, he cannot show an irreparable injury here. Thus, even if the Court were to construe Plaintiff's filing as a request for injunctive relief under Rule 65(a), he has failed to state a claim for injunctive relief. The Court should dismiss the petition for this additional, separate reason.

        3.      <u>Plaintiff Has Not Set Out a Cause of Action Under Title II of the ADA.</u>

            a.      *Plaintiff Failed to File This Action Within the Statute of Limitations.*

Any claim that Plaintiff may have under Title II of the ADA is long time barred. While the ADA does not provide a statute of limitations, the Sixth Circuit has held that Title II ADA claims

---

[2] While Plaintiff alleges at Paragraph 17 that he has "exhausted all local remedies available to him," he does not state that he lacks an adequate avenue for pursuing these claims in state court.

11

are subject to Ohio's two-year statute of limitations for personal injury claims. *McCormick v. Miami Univ.*, 693 F.3d 654, 664 (6th Cir. 2012). A claim begins to accrue when the plaintiff "knew or had reason to know of the injury that is a basis for this lawsuit." *Depew v. City of Solon*, No. 1:22-CV-01251, 2023 WL 2242795, *7 (N.D. Ohio Feb. 27, 2023).

Plaintiff alleges that he "first brought the [ADA Title II] discussion to the defendants in 2013." (Comp. at ¶ 3). He also alleges that "he delivered a copy of the AMERICANS WITH DISABILITY ACT [that was] supplied and mailed to him by the Justice Department with instructions to hand to the defendants" in 2013. (*Id.* at ¶ 4). Plaintiff thus admits that whatever claims he may have under Title II of the ADA[3]—including any retaliation claim—would have started accruing in or around 2013. Plaintiff has not stated any reason why the Court should conclude that he is entitled to equitable tolling over these many-years-late claims. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (noting that a plaintiff is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing).

Thus, any potential claims under the ADA are time barred by the applicable statute of limitations, and the Court should dismiss them. *See Frank*, 621 F. Supp.2d at 483 (concluding that ADA claims were barred by the statute of limitations).

      b. *Plaintiff Has Not Set Forth a Disability Discrimination Cause of Action Under Title II of the ADA.*

Similarly, Plaintiff has not stated a claim upon which relief can be granted under Title II of the ADA. "To make out a prima facie case under Title II of the ADA, a plaintiff must establish that (1) she has a disability; (2) she is otherwise qualified; and (3) she is being excluded from

---

[3] Defendant does not know whether Plaintiff could allege facts that would establish an ADA claim.

12

participation in, being denied the benefits of, or being subjected to discrimination under the [service,] program[, or activity of a public entity] … because of her disability." *Dillery*, 398 F.3d at 567–68 (applying this *prima facie* language in a case related to the inaccessibility of sidewalks and curb cuts) (quotation marks omitted).

As stated above, Plaintiff has not alleged any facts that would satisfy a *prima facie* case of disability discrimination. He does not claim to be disabled. Nor does he allege that he was qualified for any program, service, or accessibility feature. And he does not allege that he was excluded from participating in, denied the benefits of, or otherwise subjected to discrimination because of his disability.

Plaintiff thus fails to state a disability discrimination claim upon which relief can be granted under Title II of the ADA. Accordingly, the Court should dismiss this action. FED. R. CIV. P. 12(b)(6).

c. *Plaintiff Has Not Set Forth an ADA Retaliation Claim.*

Finally, Plaintiff has not stated a claim under which relief can be granted for ADA retaliation. To do so, "a plaintiff must plausibly allege: (1) that he engaged in a protected activity; (2) that the defendant[] knew of that activity; and (3) that the defendant[] took an adverse action against him; and (4) that there was a causal connection between the protected activity and the adverse action." *Guess v. St. Martinus Univ.*, No. 21-1478, 2022 WL 1224555, *4 (6th Cir. 2022).

Plaintiff has not pled a prima facia case. At most, Plaintiff alleges that he engaged in potentially protected activity in 2013 and that Defendant knew of this activity. (*See* Comp. at ¶¶ 3-4). He also blithely states that any adverse action was because of his protected activity. (*See* Comp. at ¶¶ 5, 12). He does not, however, plausibly allege that Defendant took any materially adverse action against him. Instead, Plaintiff simply states that "a pattern of intentional conduct

13

with Civil Rights violations has occurred out of the defendants and local law enforcement" and that the "local police have been used as (HENCHMAN) in retaliation (*sic.*)." (*Id.* at ¶ 5). Similarly, he states that "the police department, mayors' office and council refuse to enforce law On citizens due to a bias (*sic.*). A vendetta for trying to get sidewalks in compliance with Law and concern about local votes (*sic.*)." (*Id.* at ¶ 12).

These threadbare and conclusory allegations do not satisfy Rule 8(a). *See Iqbal*, 556 U.S. at 662 (stating that to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face"). They lack sufficient factual content to allow Barnesville or the Court to "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Indeed, they fail to even state what the misconduct was.

Thus, even if the Court were to construe Plaintiff's writ of mandamus petition as a complaint under Rule 8(a) for relief from ADA retaliation, Plaintiff still has not set forth a claim upon which relief could be granted. Accordingly, the Court should dismiss the complaint for this additional, separate reason.

## IV.    CONCLUSION

Barnesville recognizes that Plaintiff is proceeding *pro se* and that the Court may liberally construe this petition. Still, the Court lacks subject matter jurisdiction over this matter, and Plaintiff has failed to state a claim upon which relief can be granted either under Rule 65(a) or Title II of the ADA—even if his petition is liberally construed. Accordingly, the Court should dismiss Plaintiff's petition in its entirety.

14

Respectfully submitted,


*/s/ Yazan S. Ashrawi*
Yazan S. Ashrawi (0089565), *Trial Attorney*
Catherine F. Burgett (0082700)
FROST BROWN TODD LLP
10 West Broad Street, Suite 2300
Columbus, Ohio 43215
(614) 464-1211
(614) 464-1737 (fax)
yashrawi@fbtlaw.com
cburgett@fbtlaw.com

*Attorneys for Defendant, Village of Barnesville Village Counsel*

15

## CERTIFICATE OF SERVICE

      A true and accurate copy of the foregoing will be sent via regular U.S. Mail, postage pre-paid to Plaintiff this 1st day of July 2024, at:

Scott A. Sommers (A.K.A. Scott Wolfe)
110 N. Gardner Street
Barnesville, OH 43713
*Plaintiff pro se*

                                                  */s/ Yazan S. Ashrawi*
                                                  Yazan S. Ashrawi (0089565)

0131660.0789297   4880-7526-6765v1