## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SCOTT A. SOMMERS,**

          **Plaintiff,**      :

    **v.**

                             **Case No. 2:24-cv-2119**
                             **Chief Judge Sarah D. Morrison**
                             **Magistrate Judge Kimberly A.**
**VILLAGE OF BARNESVILLE**                **Jolson**
**COUNCIL,**           :

          **Defendants.**

### <u>OPINION AND ORDER</u>

Scott A. Sommers's *pro se* Complaint asks this Court to issue a Writ of Mandamus directing the Village of Barnesville Council to repair sidewalks in his community. (Compl., ECF No. 1.) The matter is now before the Court on the Village Council's Motion to Dismiss. (Mot., ECF No. 12.) Mr. Sommers filed a Response (Resp., ECF No. 13) and the Village Council replied (Reply, ECF No. 14).

Because Mr. Sommers fails to adequately allege subject matter jurisdiction, Village Council's Motion to Dismiss (EFC No. 12) is **GRANTED.** Mr. Sommers's Complaint is **DISMISSED** without prejudice.

## I.    BACKGROUND

All well-pled factual allegations in the Complaint are considered to be true for purposes of the Motion to Dismiss. The following summary draws from the allegations in the Complaint, and the documents integral to and incorporated therein.

Mr. Sommers has complained to the Village Council about the condition of the sidewalks in Barnesville, Ohio since 2013. (Compl., ¶ 3.) He believes the sidewalks are not compliant with the ADA. (*Id.*, ¶¶ 6, 7, 11.) Specifically, Mr. Sommers alleges that damage, disrepair, and barriers make many Barnesville sidewalks impassable. (*Id.*, ¶¶ 6–11.) He also alleges that the sidewalks are often too narrow or entirely absent. (*Id.*, ¶¶ 6, 7, 8, 14.) However, he does not allege that he has a qualifying disability under the ADA.[1]

Mr. Sommers filed suit in May 2024. (ECF No. 1.)

## II.    STANDARD OF REVIEW

The Village Council now moves to dismiss the Complaint for lack of subject matter jurisdiction (Mot., *generally* (citing Fed. R. Civ. P. 12(b)(1))).

Rule 12(b)(1) provides for dismissal when the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Without subject matter jurisdiction, a federal court lacks authority to hear a case. *Thornton v. Sw. Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990). "Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). The Village Council mounts a facial attack. (*See* Mot., *generally*.) A facial attack "questions merely the sufficiency of the pleading[,]" and a reviewing court therefore takes the allegations in the complaint

_____

[1] In his Response to the Village Council's Motion, Mr. Sommers argues that he has a qualifying disability. (Resp., PAGEID # 86.) But these facts do not appear in the Complaint, so they are not appropriate for the Court's review. *Riley v. Gen. Motors, LLC*, 591 F.Supp3d 259, 266 (S.D. Ohio 2022) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320,325 (6th Cir. 1990) ("A facial attack on subject matter jurisdiction is reviewed under the same standard as a 12(b)(6) motion to dismiss.").

as true. *Id.* To survive a facial attack, the complaint must contain a short and plain statement of the grounds for jurisdiction. *Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 387 (6th Cir. 2016) (quoting Fed. R. Civ. P. 8(a)(1)). When subject matter jurisdiction is challenged, "the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

## III. ANALYSIS

### A. Mr. Sommers has not alleged that this Court has subject matter jurisdiction.

#### 1. The Court lacks jurisdiction to issue the requested Writ of Mandamus.

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute[.]" *Id.* Though the Complaint is styled as a Petition for Writ of Mandamus, federal district courts only have jurisdiction over mandamus actions "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Because the Village Council is not an officer or employee of the United States, this Court does not have jurisdiction to issue a writ of mandamus against it.[2]

---

[2] Mr. Sommers's invocation of the Judiciary Act of 1789, which authorizes the Supreme Court to issue writs of mandamus against federal officers, is similarly unavailing.

### 2. Even construed as a Complaint seeking injunctive relief, Mr. Sommers fails to adequately allege that he has standing to sue.

It is well established that "[p]ro se plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings." *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Even construing Mr. Sommers's Petition for a Writ of Mandamus as a complaint for injunctive relief under Title II of the ADA, the jurisdictional allegations are lacking. As the Village Council points out, Mr. Sommers fails to establish that he has standing to bring this suit because he has not alleged that he has a qualifying disability under the ADA.

Article III, Section 2 of the United States Constitution confines the jurisdiction of federal courts to the resolution of actual "cases" and "controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Cases and controversies "of the justiciable sort" are those in which the plaintiff demonstrates "standing." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

> In order to satisfy Article III's standing requirement [the plaintiff]: (1) must have suffered some actual or threatened injury due [to the] alleged illegal conduct (the 'injury in fact element'); (2) the injury must be fairly traceable to the challenged action (the 'causation element'); and (3) there must be a substantial likelihood that the relief requested will redress or prevent [the plaintiff's] injury (the 'redressability element').

*Grendell v. Ohio Supreme Ct.*, 252 F.3d 828, 832 (6th Cir. 2001). The plaintiff bears the burden of alleging facts that demonstrate standing "in the same way as any other matter on which the plaintiff bears the burden of proof[.]" *Ass'n of Am. Physicians & Surgeons v. United States Food and Drug Admin.*, 13 F.4th 531, 543 (6th Cir. 2021) (quoting *Lujan*, 504 U.S. at 561).

4

"Standing is the threshold question in every federal case." *Grendell*, 252 F.3d at 832 (internal quotations omitted). It is a jurisdictional requirement. *State by & through Tennessee Gen. Assembly v. United States Dep't of State*, 931 F.3d 499, 507 (6th Cir. 2019). If no plaintiff has standing, then the court lacks subject matter jurisdiction. *Id.* "When a court lacks jurisdiction, it 'cannot proceed at all in any cause.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

To establish standing to seek injunctive relief under Title II of the ADA, a plaintiff must allege a real and immediate threat of repeated injury. *Kirola v. City and Cnty. of San Francisco*, 860 F.3d 1164, 1174 (9th Cir. 2017). To do so requires the plaintiff to allege past injury under the ADA, accompanied with the reasonable inference that the discriminatory treatment will continue and the reasonable inference that the plaintiff intends to return to the location. *See id.* Because Mr. Sommers has not alleged that he has a qualifying disability, he has not alleged past injury under the ADA.

A district court may not grant leave to amend a complaint when the complaint fails to allege facts that serve as the basis for subject matter jurisdiction. *S.G. v. CBL & Assocs. Mgmt., Inc.*, No. 1-09-CV-83, 2010 WL 743731 at *3 (E.D. Tenn. Feb. 26, 2010) (citing *Newman-Green, Inc. v. Alfonzo-Larrin*, 490 U.S. 826, 831 (1989)). Because this Court does not have subject matter jurisdiction to address the merits of the Complaint, it does not have jurisdiction to grant Mr. Sommers leave to amend.

5

IV.     CONCLUSION

For the foregoing reasons, Village Council's Motion to Dismiss is **GRANTED** (EFC No. 12). The Clerk is **DIRECTED** to **TERMINATE** this case from the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**